## R. R. OSBORN V. STATE.

No. 26,239. February 4, 1953.
Rehearing Denied March 18, 1953.

*M. Gabriel Nahas, Jr.,* Houston, for appellant.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a trial before the court, a jury being waived, appellant was convicted of embezzlement of Twenty-Five Dollars in money and the court assessed his punishment at one day in jail and a fine of $25.

The evidence shows that appellant was a chiropractor and was engaged on a full time basis as an employee of J. W. Parker, another chiropractor, as director of the clinic operated in Houston under the name J. W. Parker Chiropractic Clinic.

The contract of employment offered in evidence provides, in part, that appellant "shall at all times devote his whole time, skill, attention and energies to the management, superintendence and direction" of the clinic; that appellant should make full and complete daily or weekly deposits of all monies received by him in the operation of the clinic.

The contract also expressed the purpose and intent of the parties that a full, complete and accurate accounting should be made to the employer of all monies received and professional

services rendered by appellant, in or out of the clinic, regardless of the time of day or night, in the records provided by the employer.

Another provision of the employment contract was that all monies received by appellant should be deposited to the account of the employer in the South Main State Bank, or turned over to the employer, if possible on the day of receipt.

Under the contract appellant was to receive from his employer $300.00 per month plus a percentage of the gross income, to be determined at the end of each quarter and paid within two weeks thereafter.

Sgt. Joe C. Jones testified that he took his wife to said clinic on May 18, 1952, for X-ray treatments, and delivered to appellant his check for $25.00 in payment for the services rendered by appellant to his wife. The payee's name was omitted from the check.

Dr. Parker testified as to the contract. He also testified that appellant admitted to him that he took care of the patient and received the money from Sgt. Jones, and did not report the collection as provided in the contract; that he was not indebted to appellant, having paid him in advance throughout his employment, with final payment of $59.10, being the full amount of salary and commission due the day he dismissed appellant from his employment. The amount of the Jones check was not taken into consideration in his settlement.

Mrs. R. L. Taylor, receptionist and bookkeeper at the clinic, testified that she heard appellant say that he received the check and needed the money, so he took it. She testified further that appellant did not report the check to her; that appellant had been paid in advance, though she had heard him complain that he was not paid.

Appellant testified in his own behalf and admitted that he received the check for $25.00 from Sgt. Jones, inserting his name as payee and used the money he received on the check to feed his family; that he advised Mrs. Taylor about the Jones case and told her to make proper entry, including "posting these funds"; that he believed he did not get paid what was owing to him on the books. Also appellant testified that he made the entry showing the receipt of the $25.00, and that he said to

Mrs. Taylor, "You take ten dollars and I will take the fifteen, as we need this more than they do in Dallas."

The trial judge, as the trier of the facts, accepted the state's version of the affair and found that appellant appropriated to his own use the $25.00 which he received from the Jones check, which under his contract of employment should have been reported and deposited to the account of his employer. The evidence from the standpoint of the state sustains his finding.

Appellant's testimony, at best, raised an issue as to his intent in appropriating the $25.00, which issue was resolved against him by the trial judge.

The facts are deemed sufficient to sustain the conviction and there are no bills of exception.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that had there been a proper accounting, as provided under the contract, it would have revealed that Dr. Parker was indebted to him at the time of the alleged embezzlement, and, therefore, that there was no fraudulent intent in the taking by appellant of the $25.00.

It must be remembered that this was a trial without the intervention of a jury and that appellant made no effort to show such an accounting or the result that would have been shown thereby.

His contention, then, rests before us only as a pleading, without any substantiation thereof in fact.

We remain convinced that a correct conclusion was reached originally, and the motion for rehearing is overruled.

Opinion approved by the court.